IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | |
|---|---|
| KELVIN McCLAIN, as Attorney in Fact for Mervin McClain, )<br><br>    Plaintiff, )<br><br>    v. )<br><br>SSC MONTGOMERY CEDAR CREST OPERATING COMPANY LLC, et al., )<br><br>    Defendants. ) | CIVIL ACTION NO.<br>2:14cv1070-MHT<br>(WO) |

OPINION AND ORDER

The allegations of the notice of removal are insufficient to invoke this court's removal jurisdiction under 28 U.S.C. §§ 1332 (diversity of citizenship) and 1441 (removal). To invoke removal jurisdiction based on diversity, the notice of removal must distinctly and affirmatively allege each party's citizenship. McGovern v. American Airlines, Inc., 511 F. 2d 653, 654 (5th Cir. 1975) (per curiam).* The

---

* In Bonner v. Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit Court of

allegations must show that the citizenship of each plaintiff is different from that of each defendant. 28 U.S.C. § 1332; see also 2 James Wm. Moore, et al., Moore's Federal Practice ¶ 8.03[5][b] at 8-10 (3d ed. 1998).

The notice of removal fails to meet this standard. First, the notice alleges the "residence" rather than the "citizenship" of the plaintiff, defendant Alan Farrugia, and members of the defendant limited liability companies. An allegation that a party is a "resident" of a State is not sufficient to establish that a party is a "citizen" of that State. Delome v. Union Barge Line Co., 444 F.2d 225, 233 (5th Cir.), cert. denied, 404 U.S. 995 (1971).

The removal notice is also insufficient because it does not indicate the citizenship of two parties that are 'limited liability companies': SSC Montgomery Cedar Crest Operating Company LLC and Comfort Dental of

---

Appeals adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Dothan LLC. "[L]ike a limited partnership, a limited liability company is a citizen of any state of which a member of the company is a citizen." <u>Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.</u>, 374 F.3d 1020, 1022 (11th Cir. 2004).  The notice must therefore allege "the citizenships of all the members of the limited liability company." <u>Id</u>.  And as stated above, the notice does not properly allege the citizenship of the members of the defendant limited liability companies.

Finally, plaintiff has brought this lawsuit in his capacity as personal representative for an incompetent individual.  "[T]he legal representative of an infant or incompetent shall be deemed to be a citizen only of the same State as the infant or incompetent."  28 U.S.C. § 1332(c)(2).  Because the notice of removal attempts to set forth the citizenship of only the personal representative and not that of the incompetent person, the notice does not adequately establish

3

grounds for this court to assume removal jurisdiction of this matter.

***

It is therefore the ORDER, JUDGMENT, and DECREE of the court that the removing party has until November 14, 2014 to amend the notice of removal to allege jurisdiction sufficiently, 28 U.S.C. § 1653; otherwise this lawsuit shall be remanded to state court.

DONE, this the 7th day of November, 2014.

                               /s/ Myron H. Thompson
                              **UNITED STATES DISTRICT JUDGE**